IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE BAR OF CALIFORNIA,<br><br>    Defendant. | Case No. 16-cv-02277-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY OR RECUSE**<br><br>Re: Dkt. No. 15 |

    Before the Court is plaintiff's "Motion to Disqualify or Recuse," filed May 20, 2016. Having read and considered the motion, the Court rules as follows.

    "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." United States v. Sibla, 624 F. 2d 864, 867 (9th Cir. 1980). "An affidavit filed pursuant to [§ 144] is not legally sufficient," however, unless it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming from an extrajudicial source." Id. at 868.

    Here, the declaration submitted by plaintiff in support of the instant motion is conclusory in nature. To the extent any facts are set forth in the motion or the supporting

declaration, such facts pertain only to plaintiff's disagreement with the Court's rulings in two prior cases, which disagreement is not a legally cognizable ground for recusal. See United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (holding "a judge's prior adverse ruling is not sufficient cause for recusal"; explaining "judge's performance while presiding over [movant's] case" is not "extrajudicial").  Consequently, plaintiff having failed to allege any facts stating a possible cognizable ground for recusal under § 144 or otherwise, the Court finds the affidavit is not legally sufficient.  See id.  Further, no basis exists for the Court to disqualify itself pursuant to 28 U.S.C. § 455.

Accordingly, the motion is hereby DENIED.[1]

**IT IS SO ORDERED.**

Dated:  June 1, 2016

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Upon filing, the instant action was randomly assigned to a magistrate judge. Plaintiff thereafter declined to consent to proceed before the assigned magistrate judge, and, pursuant to the district's Assignment Plan, see General Order No. 44, the instant action was randomly reassigned to the undersigned.  Once the defendant has been served, plaintiff may wish to explore the possibility of a stipulation to proceed before a specified magistrate judge.