IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 16-cv-02277-MMC<br><br>**ORDER GRANTING STATE BAR'S MOTION TO DISMISS; DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; VACATING HEARING**<br><br>Re: Dkt. No. 27 |

Before the Court is defendant State Bar of California's ("State Bar") "Motion . . . to Dismiss Amended Complaint," filed August 3, 2016. Plaintiff Charles Kinney ("Kinney") has filed opposition, to which the State Bar has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 9, 2016, and rules as follows:

1. In the First Cause of Action, Kinney alleges the State Bar "violated the Sherman Act" by conducting disciplinary proceedings against him that resulted in the issuance of a recommendation to the California Supreme Court that he be disbarred. (See Amended Complaint ("AC") ¶¶ 20, 51-60, 83.) As the State Bar is entitled to immunity under the Eleventh Amendment, said claim is subject to dismissal without leave to amend as against said defendant. See Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 873-84 (9th Cir. 1987) (holding "state agencies and

1   departments" are entitled to Eleventh Amendment immunity as to claims under Sherman

2   Act); <u>Hirsh v. Justices of Supreme Court</u>, 67 F.3d 708, 712, 715 (9th Cir. 1995) (holding

3   State Bar of California is "state agency" for purposes of Eleventh Amendment).

4       2. In the Second Cause of Action, Kinney alleges the State Bar "violated . . . his

5   rights under the Civil Rights Act of 1866" (<u>see</u> AC ¶ 86), i.e., his rights under 42 U.S.C.

6   § 1981,[1] by recommending to the California Supreme Court that he be disbarred. As the

7   State Bar is entitled to immunity under the Eleventh Amendment, said claim is subject to

8   dismissal without leave to amend as against said defendant. <u>See</u> <u>Mitchell v. Los Angeles

9   Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988) (holding state agencies are

10  entitled to Eleventh Amendment immunity as to claims under 42 U.S.C. § 1981).

11      3. The First and Second Causes of Action, in addition to being alleged against the

12  State Bar, are alleged against the California Supreme Court, which entity, Kinney alleges,

13  denied review of the State Bar's recommendation of disbarment, thus "caus[ing]" the

14  State Bar's recommendation to become a "final judicial determination on the merits."

15  (<u>See</u> AC ¶¶ 11, 20.) As the California Supreme Court, which defendant has not yet

16  appeared,[2] is entitled to immunity under the Eleventh Amendment, the First and Second

---

[1] The "guarantees" set forth in the Civil Rights Act of 1866 are codified in 42 U.S.C. §§ 1981 and 1982. <u>See</u> <u>Georgia v. Rachel</u>, 384 U.S. 780, 789 n. 12 (1966). Section 1982, which prohibits racially discriminatory denials of requests to "rent or purchase certain property or housing," <u>see</u> <u>Phiffer v. Proud Parrot Motor Hotel, Inc.</u>, 648 F.2d 548, 551 (9th Cir. 1980), is inapplicable to the instant action. Section 1981, which bars, <u>inter alia</u>, racial discrimination with respect to the ability to "give evidence," <u>see</u> 42 U.S.C. § 1981, is, arguably, implicated by Kinney's allegations. (<u>See</u> AC ¶¶ 4, 32, 52-53; <u>see also</u> Pl.'s Opp. at 4:16-19.)

[2] On August 18, 2016, Kinney filed an "Objection," in which he asserts the Clerk of Court erred by declining to enter the default of the California Supreme Court. The objection is hereby OVERRULED, as the summons purportedly served by Kinney on the California Supreme Court (<u>see</u> Pl.'s Appl. for Entry of Default, exhibit thereto) fails to name the California Supreme Court as a defendant. <u>See</u> Fed. R. Civ. P. 4(a)(1)(A) (providing summons must "name . . . the parties"). Moreover, even if service of process had been proper, Kinney, having failed to state a cognizable claim against the California Supreme Court, would not be entitled to entry of default judgment. <u>See</u> <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (holding, where plaintiff's claims "lack[ed] merit," district court did not err in denying plaintiff's motion for default judgment and sua sponte dismissing claims).

Causes of Action likewise are subject to dismissal as against said additional defendant as well.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir.2003) (holding California state courts are "arms of the state" entitled to immunity under Eleventh Amendment); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss complaint as to one defendant, court may dismiss complaint against non-moving defendant "in a position similar to that of moving defendants").

       4.  Kinney, in his opposition, appears to assert he is entitled to proceed against employees of the State Bar for the alleged violations of the Sherman Act and § 1981. The Court finds amendment to add such employees as defendants would be futile, as claims against them would be barred by the "Rooker-Feldman doctrine," given that any ruling in favor of Kinney and against such employees would necessarily be "contingent upon a finding that the state court decision was in error."  See Cooper v. Ramos, 704 F.3d 772, 781-82 (9th Cir. 2012) (citing "Rooker-Feldman doctrine"; affirming dismissal of claim for damages under Civil Rights Act, where claim could "succeed[ ] only to the extent that the state court wrongly decided the issues before it").

## CONCLUSION

For the reasons stated above, the State Bar's motion to dismiss is hereby GRANTED, and the Amended Complaint is hereby DISMISSED in its entirety without leave to amend.

**IT IS SO ORDERED.**

Dated: August 29, 2016

MAXINE M. CHESNEY
United States District Judge